IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KELVIN LORENZO McDANIEL,

      Petitioner,

v.                                            Civil Action No. 5:07CV133
                                                        (STAMP)

JOE DRIVER, Warden,

      Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Procedural History

The pro se[1] petitioner, Kelvin Lorenzo McDaniel, filed an application pursuant to 28 U.S.C. § 2241, in which he asserts three grounds for relief: (1) that he has not received credit for time already spent in custody, in violation of the terms contained in his judgment and commitment order; (2) that conduct by a Bureau of Prisons ("BOP") official has prevented him from exhausting his administrative remedies; and (3) that he is erroneously classified as a high-security inmate, which bars his participation in rehabilitative programs, thereby preventing him from securing an earlier release date. The petitioner subsequently filed an amended petition alleging that the BOP's regulations on community

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

confinement placement are unlawful and have subjected the petitioner to a longer period of incarceration.

Pursuant to Local Rule of Prisoner Litigation Procedure 83.09, this matter was referred to Magistrate Judge James E. Seibert for report and recommended disposition. By order dated November 7, 2007, the magistrate judge directed the warden, as respondent, to show cause why the petition should not be granted.

On December 6, 2007, in response to the magistrate judge's order to show cause, the respondent timely filed a motion to dismiss, or for summary judgment, to which the petitioner filed a memorandum in opposition on December 14, 2007. In the meantime, on December 10, 2007, the petitioner filed a motion for summary judgment, or default judgment, on the erroneous basis that the respondent had failed to file a response to the order to show cause.

The magistrate judge entered a report recommending the following actions: (1) that the respondent's motion to dismiss, or for summary judgment, be granted; (2) that the petitioner's motion for summary judgment, or default judgment, be denied; and (3) that the petitioner's first three claims brought in the original petition be denied with prejudice because, as to the first claim, the petitioner cannot receive double credit for time served and he has already received credit for time served; as to the second claim, the petitioner had other avenues for pursuing his claims

2

administratively, which he failed to pursue; and as to the third claim, the BOP has already reclassified the petitioner as medium-risk inmate, and he has no liberty interest in rehabilitative programs.  The magistrate judge further recommended that the petitioner's claims concerning Community Confinement Center ("CCC") placement be denied without prejudice so that he can bring them in the proper jurisdiction.  The magistrate judge made this recommendation based upon his finding that the petitioner's CCC claims were not ripe when he brought them and, although they seem to have since ripened, the petitioner has been transferred outside this Court's jurisdiction.  Accordingly, the magistrate judge concluded that this Court no longer has jurisdiction over the petitioner's CCC claims.

In his report and recommendation, the magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation.  No objections were filed.

For the reasons articulated below, this Court finds that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety, that the respondent's motion to dismiss, or for summary judgment, be granted, that the petitioner's motion for summary judgment, or default judgment, be denied, that the petitioner's amended CCC claim be denied and dismissed without

3

prejudice, with the right to re-file in the appropriate jurisdiction, and that the remaining claims in the petitioner's § 2241 application be denied and dismissed with prejudice.

## II. Facts

On December 19, 2006, the petitioner was charged in a two-count federal indictment with Bank Fraud, in violation of 18 U.S.C. § 1344, and with Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A. At that time, the petitioner was being held in state custody on a variety of charges, including those related to the federal offenses. The petitioner was sentenced on June 4, 2007 in the United States District Court for the Eastern District of Virginia to a thirty-month term of imprisonment for the Bank Fraud offense and a twenty-four-month term of imprisonment for the Aggravated Identity Theft offense. The two sentences were to be served consecutively. Following sentencing on the federal charges, state officials reassumed custody of the petitioner. The federal judgment was filed as a detainer with state authorities.

On July 18, 2007, the petitioner was sentenced by the Circuit Court in Petersburg, Virginia to six months and ten days of incarceration for Violation of Probation and Failure to Appear. The petitioner received credit on his state sentence for the time he had spent in custody since November 21, 2006. State authorities calculated the end of his sentence as May 15, 2007. The petitioner was then transferred to federal custody on July 18, 2007. His

federal sentence began, retroactively, on the date upon which he federal sentence was imposed, June 4, 2007. Accordingly, the petitioner received credit against his federal sentence for the time he spent in state custody from May 6, 1007 through June 3, 2007.

After beginning his federal sentence, the petitioner was assigned to a maximum security correctional facility on September 5, 2007. He then filed this § 2241 application on October 12, 2007. Subsequently, on November 2, 2007, the petitioner filed his first administrative remedy request. On January 17, 2008, the petitioner was reassigned to a medium security prison.

### III. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner filed no objections, this Court reviews the report and recommendation of the magistrate judge for clear error.

In ruling on a motion to dismiss, a court must accept as true all well-pleaded factual allegations. Walker v. True, 399 F.3d 315 (4th Cir. 2005). Furthermore, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear, as a matter of law, that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 45 (1957).

## IV. Discussion

### A. Exhaustion of Administrative Remedies

The magistrate judge found that the petitioner failed to exhaust his administrative remedies before filing this action. Generally, a prerequisite to filing a § 2241 application is the petitioner's exhaustion of available administrative remedies. See e.g., Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3d Cir. 1996); Martinez v. Roberts, 804 F.2d 570 (9th Cir. 1996); United States v. Gabor, 905 F.2d 76, 78 n.2 (5th Cir. 1990); Sanchez v. Miller, 792 F.2d 694, 699 (7th Cir. 1986); Little v. Hopkins, 638 F.3d 953, 953-54 (6th Cir. 1981). Administrative exhaustion requires the inmate to pursue informal resolution before proceeding with a formal grievance. 28 C.F.R. § 542.13. The BOP's

formal administrative process is structured as a three-tiered system. 28 C.F.R. § 542.10, et seq. First, an inmate must submit a written complaint to the warden, to which the warden supplies a written response. 28 C.F.R. §§ 542.11 and 542.14. For inmates who do not obtain satisfactory relief at the first tier, the second tier allows the inmate to file an appeal with the regional director of the BOP. 28 C.F.R. § 542.15. The third, and final, tier of the formal administrative remedy process is an appeal to the National Inmate Appeals Administrator for the Office of General Counsel. Id. An inmate's administrative remedies thus are considered exhausted only after pursuing a final appeal to the National Inmate Coordinator for the Office of General Counsel.

Here, the magistrate judge found that the petitioner began pursuing his administrative remedies after he filed his § 2241 application. The petitioner argues that his Unit Counselor prevented him from pursuing his administrative remedies because she did not provide him with the appropriate forms. However, as the magistrate judge determined, the petitioner failed to avail himself of the option of securing the required forms from the alternative person designated by the Unit Manager. Similarly, the petitioner failed to seek informal resolution through another department, which also was an option available to him. Finally, the petitioner made no effort at formal administrative resolution before filing his habeas corpus petition. This Court finds no clear error in the

7

magistrate judge's determination that because the petitioner had at his disposal both informal and formal means of seeking administrative remedy, which the petitioner failed to pursue, the petitioner's claim that he was prevented from pursuing his administrative remedies lacks merit and must be denied.

However, as discussed in the subsequent section, even if the petitioner had exhausted his administrative remedies, he would still not be entitled to the relief he seeks.

B.  Federal Sentencing Credit

The magistrate judge found that the petitioner is not entitled to receive credit against his federal sentence for the time he served in state custody because the petitioner has already received credit for all but nineteen days of that time against his state sentence, and because he has already been credited with the remaining nineteen days toward his federal sentence. Pursuant to 18 U.S.C. § 3585(b), an inmate cannot receive credit for time served if such time served has already been credited against another sentence. 18 U.S.C. § 3585(b); United States v. Wilson, 503 U.S. 329, 337 (1992). This Court finds no clear error in the magistrate judge's findings. Accordingly, the petitioner's claim for failure to credit time against his federal sentence for time spent in prior custody is without merit and must be denied.

8

C.  <u>Liberty Interest in Rehabilitative Program Participation</u>

The magistrate judge found that because inmates have no liberty interest in participating in rehabilitative programs which could generate an earlier release date, the petitioner's erroneous placement in a maximum security prison, which prevented him from participating in such a program, did not violate the petitioner's constitutional rights. The BOP is vested with complete discretion to determine prisoner classification and eligibility for federal prison rehabilitative programs. 18 U.S.C. § 4081. A classification which prevents participation in a rehabilitative program implicates no liberty interest. <u>See</u> <u>Moody v. Daggett</u>, 429 U.S. 78 (1976). The magistrate judge's findings are not clearly erroneous. Therefore, the petitioner's claim that his constitutional rights have been violated because his erroneous placement in a maximum security prison prevented him from participating in a rehabilitative program must be denied.

D.  <u>Community Confinement Center</u>

The magistrate judge determined that on November 11, 2007, the date upon which the petitioner filed his motion to amend his petition to add the claim challenging the BOP's CCC policy, that claim was not ripe for review because the petitioner's projected release date, July 20, 2009, fell outside the period during which

the BOP makes CCC referrals.[2] Therefore, the petitioner was complaining about a process which did not, at the time of filing, affect him. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Texas v. United States, 523 U.S. 296 (1998) (internal citations and quotation marks omitted). The magistrate judge correctly determined that at the time the petitioner filed his CCC claim, the petitioner's projected release date fell outside the period for a CCC referral. Accordingly, his claim was not ripe for adjudication at the time of filing.

Since that time, however, the petitioner's claims may have ripened. The petitioner's projected release date now falls within the period for a CCC referral, and the petitioner may have received a CCC designation; however, the petitioner has been transferred to a facility outside of the jurisdiction of this Court. Therefore, the magistrate judge concluded that this Court lacks jurisdiction to adjudicate the petitioner's claims concerning the BOP policy of CCC placement as it applies to the petitioner. Although the magistrate judge recommends dismissal of this claim, he recommends that it be dismissed without prejudice to allow the petitioner to bring his claim in the appropriate jurisdiction.

---

[2]According to BOP Program Statement 7310.04, Community Corrections Center (CCC) Utilization and Transfer Procedure, final and specific release preparation plans, including decisions regarding CCC referrals, are ordinarily established eleven to thirteen months before an inmate's projected release date.

In a habeas corpus action, the appropriate defendant is the immediate custodian of the prisoner. See 28 U.S.C. § 2242; Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 495 (1973). Here, because the petitioner was transferred to FCC Petersburg Medium in Virginia on February 13, 2008, the petitioner's immediate custodian is not subject to the personal jurisdiction of this Court and, therefore, this Court lacks subject matter jurisdiction over the petitioner's CCC claims in his habeas petition. See id. The magistrate judge has committed no clear error in finding that because the petitioner is no longer incarcerated in a facility located within this district, this Court lacks jurisdiction to adjudicate the petitioner's claim. Accordingly, this Court agrees with the magistrate judge that the petitioner's claim concerning the BOP's CCC placement policy should be dismissed without prejudice to allow the petitioner the opportunity to file this claim in the appropriate jurisdiction.

## IV. Conclusion

This Court finds no clear error in the report and recommendation of the magistrate judge and hereby AFFIRMS and ADOPTS it in its entirety. Accordingly, the respondent's motion to dismiss, or, in the alternative, for summary judgment, is GRANTED, and the petitioner's motion for default judgment, or summary judgment, is DENIED. It is ORDERED that the petitioner's amended CCC claim be DENIED and DISMISSED WITHOUT PREJUDICE, with the right

to re-file in the appropriate jurisdiction, and that the remaining claims in the petitioner's application for habeas corpus under 28 U.S.C. § 2241 be DENIED and DISMISSED WITH PREJUDICE. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Under <u>Wright v. Collins</u>, 766 F.2d 841, 845 (4th Cir. 1985), the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the <u>pro se</u> petitioner and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: September 17, 2008

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE
